IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CRIMINAL NO. 1:10-CR-335

**v.** :

**HECTOR ORLANDO CERNA-RIVAS**:

# M E M O R A N D U M

## I.   Introduction

Before the court is a motion filed pursuant to 28 U.S.C. § 2255 in which Petitioner, Hector Orlando Cerna-Rivas, seeks a reduction of sentence. On February 2, 2011, Cerna-Rivas pled guilty to illegal re-entry charged under 8 U.S.C. § 1326(a). On August 17, 2011, he was sentenced to a term of imprisonment of 46 months.

Cerna-Rivas claims that a sentence for violation of § 1326(a) has a maximum statutory penalty of 24 months; thus, he alleges his counsel was incompetent for (1) not arguing that his sentence should not exceed 24 months and (2) not arguing at the time of sentencing that he should have had the benefit of a "fast track" variance.

## II.   Background

Cerna-Rivas first entered this country in 1990. He was deported in 2007 after he was convicted of possession of cocaine. He re-entered illegally on February 2, 2011. As a result of his plea, his offense level was 8. Prior to his

deportation on November 6, 2007, however, he was convicted on March 5, 2007 of second degree assault in the state of Maryland. This conviction triggered a 16 level increase under USSG § 221.2(b)(1)(A)(ii). This gave Cerna-Rivas an offense level of 24, less 3 points for acceptance of responsibility, for a total offense level of 21. His criminal history category is III, resulting in a guideline range of 46 to 57 months.

Cerna-Rivas claims that he was not aware that his sentence could exceed 24 months and, had he known this fact, he would not have pled guilty to the offense.

**III.** **Discussion**

    **A. Competency of Counsel**

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to

2

evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (ed cir. 2005). With the above precepts in mind, the claims of Defendant will be addressed.

### B. Plea Colloquy

At the time of the change of plea on February 2, 2011, Cerna-Rivas was made fully aware that his potential sentence could exceed 24 months. He was advised that, depending on his prior convictions, his maximum penalty could be 10

3

or possibly 20 years. (Doc. 32 at pp. 5-7.) His own counsel opined that his guideline sentence could be 41 to 51 months. (*Id.* at p. 7.)

Prior to sentencing, Cerna-Rivas's counsel submitted a sentencing memorandum (doc. 25) in which she strenuously argued against the 16-level increase for the aggravated felony (crime of violence). She also argued in the sentencing memorandum that Cerna-Rivas receive the benefit of the fast track program. These arguments were also expressed in open court during the sentencing proceeding.

**IV.** **Conclusion**

Based on the record before this court, Cerna-Rivas received the benefit of competent counsel who argued the issues which Cerna-Rivas now claims were not argued. He has failed to substantiate his claim of incompetency of counsel; thus, the petition will be denied. An appropriate order will be issued.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 18, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:10-CR-335**
:
**v.** :
:
**HECTOR ORLANDO CERNA-RIVAS**:

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

2) The Clerk of Court shall close the file.

3) This court declines to issue a certificate of appealability.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: June 18, 2012.